## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Brett Goldberg, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Name Administration Inc., <br> a British West Indies corporation, <br><br> Defendant. | Civil Action No. <br><br><br><br><br> August 18, 2005 |

### COMPLAINT

Plaintiff, Mr. Brett Goldberg. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant, Name Administration Inc. (hereinafter "Defendant"), alleges as follows:

### I. THE PARTIES

1. Plaintiff is an individual residing at 10 Carissa Lane, Greenwich, Connecticut 06830 and has an office and principal place of business at 2001 West Main Street, Suite 205-A, Stamford, Connecticut 06902.

2. Upon information and belief, Defendant, Name Administration, Inc., is a corporation organized and existing under the laws of the British West Indies and has an office and place of business at Grand Cayman, Cayman Islands, B.W.I.

### II. NATURE OF ACTION

3. This is an action for cyberpiracy and false designation of origin under the Trademark Act of 1946, as amended The Lanham Act, 15 U.S.C. §1051 *et seq.*, §43(d) of

the Lanham Act, 15 U.S.C. §1125(d) (Cyberpiracy Prevention); §43(a) of the Lanham Act, 15 U.S.C. §1125(a) (False Designation of Origin and Unfair Competition); common law trademark infringement, unfair competition; unfair trade practices under the Connecticut Unfair Trade Practices Act under C.G.S.A. §§42-110a-110q, and trademark dilution under C.G.S.A. §35-11i(c) of the Connecticut General Statutes, based on the Defendant's adoption and use of *www.thatglow.com* as a domain name. Plaintiff seeks injunctive relief, Defendant's profits, damages, costs, and attorney's fees in this action.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent unfair competition claims) and 28 U.S.C. §1332(a) (diversity of citizenship).

5. Personal jurisdiction over the Defendant is proper based upon Defendant's (i) internet usage of an active website wherein parties within the State of Connecticut can engage in commercial interactivity with Defendant, and (ii) actions which are purposefully directed to consumers in the State of Connecticut.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

### IV.   COUNT ONE
### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C § 1125(d)

7. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. Plaintiff is the owner of Federal Trademark Registration Number 2,738,503 for the mark THAT GLOW covering "cosmetics; personal care items, namely facial cream,

facial cleanser, facial exfoliator, facial soap, body cream, hand cream, body exfoliator, soap, foundation, lipstick, blush, eye shadow, concealer, eye brow pencil, eye liner, lip liner, facial powder, body powder, perfume, blush, eye makeup," (the "Goods") issued on the Principal Register on July 15, 2003 (see Exhibit 1).

9. Plaintiff's mark THAT GLOW (the "Mark") is distinctive by virtue of its registration on the Principal Register and due to Plaintiff's continuous and exclusive use of the Mark in connection with the Goods since at least as early as April 30, 2001.

10. On or about October 22, 2004 Defendant registered the domain name *www.thatglow.com* (the "Domain Name") with Domain Name Sales Corp. of the British West Indies, which has an office and place of business at Grand Cayman, Cayman Islands, B.W.I. (see Domain Name Sales Corp.'s WHOIS database printout at Exhibit 2).

11. The Domain Name is identical to Plaintiff's Mark.

12. Upon information and belief, Defendant registered the Domain Name with a bad faith intent to profit from the Mark by trading off the goodwill established by Plaintiff in his Mark.

13. Upon information and belief, Defendant operates a "portal" site under the Domain Name, which redirects website traffic to Plaintiff's competitor's sites related to cosmetics, personal care items, and related industries.

14. Upon information and belief, Defendant gains revenue from directing website traffic to third parties who offer cosmetics and personal care items for sale, which are competitive with the Goods.

15. Upon information and belief, Defendant intends to and in fact does, divert consumers from Plaintiff's online location to the site located at the Domain Name (the "Site") for commercial gain.

16. Upon information and belief, Defendant obtained an assignment of the Domain Name from Mr. Paul Barbell, with knowledge that Mr. Barbell was previously put on notice by the Plaintiff as to his unlawful ownership of the Domain Name.

17. Upon information and belief, Defendant was aware of the prior rights of Plaintiff in and to the Mark, at the time of its registration of the Domain Name.

18. Defendant's conduct damages the goodwill represented by the Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Site by Plaintiff.

19. Defendant has no rights or legitimate interest in or to the Mark.

20. The Mark does not form any part of Defendant's legal name nor is it used to identify Defendant.

21. Upon information and belief, Defendant is an active company which operates the Site under the Domain Name in interstate commerce throughout the United States including in the State of Connecticut.

### V. COUNT TWO
### FALSE DESIGNATION OF ORIGIN
### UNDER 15 U.S.C. §1125(a)

22. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-21 of this Complaint as if fully set forth herein.

23. Upon information and belief, Defendant's use of the Domain Name is a false designation of origin and representation of fact, which is likely to cause confusion and to

4

cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff.

24. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in his registered trademark. Plaintiff has no adequate remedy at law.

### VI. COUNT THREE
### DILUTION UNDER CONNECTICUT LAW UNDER C.G.S.A. §35-11i(c) OF THE CONNECTICUT GENERAL STATUTES

25. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-24 of this Complaint as if fully stated herein.

26. Upon information and belief, Defendant's activities as alleged herein, by virtue of its registration of the Domain Name as well as gaining revenue from directing website traffic within the state of Connecticut to competitors of Plaintiff dilutes the distinctive quality of Plaintiff's THAT GLOW trademark.

27. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its registered trademark. Plaintiff has no adequate remedy at law.

## VII. COUNT FOUR
## COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES UNDER GEN. STAT. §42-110A-110Q OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

28. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of C.G.S.A. §42-110a-110q.

30. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in his registered trademark. Plaintiff has no adequate remedy at law.

**WHEREFORE, Plaintiff prays:**

1. That the Court order Defendant to transfer all right, title and interest in and to the Domain Name to Plaintiff.

2. That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the THAT GLOW trademark in connection with any cosmetics and/or personal care products or within the cosmetics and/or personal care industries and from attempting to register a similar domain name incorporating a variation of the Mark.

3. That Defendant be required to account to Plaintiff for Defendant's profits and the costs incurred by Plaintiff as a result of Defendant's foregoing acts enumerated in this Complaint, together with interest.

4. For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues triable by jury in this matter.

Dated: August 18, 2005

Respectfully submitted,

PLAINTIFF BRETT GOLDBERG
BY HIS ATTORNEYS

*/s/ Carrie W. Olson*

Carrie Webb Olson, Esq. (CT22143)
Attorney for Plaintiff
Edwards & Angell, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT  06901
(Tel): 203.353.6837
(Fax) 888.325.1659
colson@edwardsangell.com

STM 197450v2

**EXHIBIT 1**

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2005-08-18 09:11:12 ET

**Serial Number:** 76341087

**Registration Number:** 2738503

**Mark (words only):** THAT GLOW

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2003-07-15

**Filing Date:** 2001-11-26

**Transformed into a National Application:** No

**Registration Date:** 2003-07-15

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2003-07-24

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Goldberg, Brett

**Address:**
Goldberg, Brett
10 Carissa Lane
Greenwich, CT 06830
United States
**Legal Entity Type:** Individual
**Country of Citizenship:** United States
**Phone Number:** (203) 861-1914
**Fax Number:** (203) 861-2035

## GOODS AND/OR SERVICES

**International Class:** 003
Cosmetics; personal care items, namely facial cream, facial cleanser, facial exfoliator, facial soap, body cream, hand cream, body exfoliator, soap, foundation, lipstick, blush, eye shadow, concealer, eye brow pencil, eye liner, lip liner, facial powder, body powder, perfume, blush, eye makeup
**First Use Date:** 2001-04-30
**First Use in Commerce Date:** 2001-04-30

**Basis:** 1(a)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2003-07-15 - Registered - Principal Register

2003-05-13 - Allowed for Registration - Principal Register (SOU accepted)

2003-05-06 - Statement of use processing complete

2003-03-10 - Amendment to Use filed

2003-03-10 - PAPER RECEIVED

2003-01-14 - Notice of allowance - mailed

2002-11-07 - PAPER RECEIVED

2002-10-22 - Published for opposition

2002-10-02 - Notice of publication

2002-07-30 - Approved for Pub - Principal Register (Initial exam)

2002-07-01 - Communication received from applicant

2002-07-01 - PAPER RECEIVED

2002-03-22 - Non-final action mailed

2002-03-04 - Case file assigned to examining attorney

## CORRESPONDENCE INFORMATION

**Correspondent**
BRETT GOLDBERG
10 CARISSA LN
GREENWICH CT 06830

**Phone Number:** (203) 861-1914
**Fax Number:** (203) 861-2035

**Domestic Representative**
STEVEN A. CERTILMAN

**EXHIBIT 2**

 

Home | WHOIS| Terms and

- **Home**
- **What Is A Domain?**
- **Contact Us**



**Whois Lookup:** thatglow.com   [Submit]

example: domainnamesales.com

```
Whois information for: thatglow.com

Registrant:
 Name Administration Inc. (BVI)
 Box 10518 A.P.O.
 Grand Cayman, Cayman Islands B.W.I.
 KY

Domain name: THATGLOW.COM

Administrative Contact:
    Domain, Administrator   admin@nameadmininc.com
    Box 10518 A.P.O.
    Grand Cayman, Cayman Islands B.W.I.
    KY
    +1.345.946.6879
Technical Contact:
    Domain, Administrator   admin@nameadmininc.com
    Box 10518 A.P.O.
    Grand Cayman, Cayman Islands B.W.I.
    KY
    +1.345.946.6879


Registrar of Record: DomainNameSales
Record last updated on 16-Jan-2005.
Record expires on 22-Oct-2006.
Record created on 22-Oct-2004.

Domain servers in listed order:
    NS1.15X.NET    66.199.187.170
    NS2.15X.NET    66.199.187.171


Domain status: REGISTRAR-LOCK
```

Home | WHOIS | Terms and Conditions | Privacy Policy

© 2004 DomainNameSales.com. All rights reserved.